GEORGE T. HORVAT and CAROL R. HORVAT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horvat v. Commissioner
Docket Nos. 11910-78, 11911-78.
United States Tax Court
T.C. Memo 1980-266; 1980 Tax Ct. Memo LEXIS 326; 40 T.C.M. (CCH) 724; T.C.M. (RIA) 80266; July 21, 1980, Filed George T. Horvat, pro se. Joseph R. Peters, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: In these consolidated cases respondent determined the following deficiencies and additions to tax under section 6653(a): [1]/ Addition to Tax
Year
Deficiency
(sec. 6653(a))
1973
$2,663.52
$133.18
1974
2,041.57
102.08
1975
2,209.00
110.00
The issues presented for decision are as follows: 1. Whether petitioners are taxable on the earnings of petitioner George T. Horvat which he assigned to a trust to which he conveyed his lifetime services; and 2. Whether petitioners are liable for *328 the determined addtions to tax under section 6653(a). FINDINGS OF FACT Petitioners George T. Horvat (George) and Carol R. Horvat (Carol) were legal residents of Wisconsin when they filed their petitions. They timely filed joint Federal income tax returns for 1973 through 1975 with the Internal Revenue Service Center, Kansas City, Missouri. On June 21, 1971, George as grantor created a trust designated as the George T. Horvat Family Estate (A Trust). Under the terms of the trust agreement he purported to make an irrevocable conveyance of the following: * * * the exclusive use of my lifetime services and all resultant earned remuneration and to be earned remuneration for all and any outside source; and all my right, title and interest in said earnings from my services rendered or to be rendered, said services and resultant remuneration therefrom, from this date forth, to be controlled, directed and owned SOLELY by THIS TRUST. The beneficiaries of the trust were petitioners and their two children. George, designated as "Trust Manager," and Carol, as "Trust Secretary," were authorized to draw checks on a bank account established in the name of the trust. The checks could *329 be drawn-- whether said checks are payable to cash, bearer or the order of the Trust or to any third party or to the order of any signing Trustee or Manager or Secretary of THIS TRUST in either individual or official capacity. During 1973 through 1975, George was employed by the Heil Company. When his wages were received he endored them over to the trust and deposited them in the trust bank account. Petitioners then used the account to defray their living and other expenses. For the years 1973, 1974, and 1975, George received wages in the amounts of $14,033.66, $13,436.36, and $12,541.73, respectively, which were not reported as income in petitioners' joint returns for those years. Petitioners also received interest income which was not reported as income. Respondent determined that all such income was taxable to petitioners and that petitioners are liable for additions to tax under section 6653(a). OPINION Respondent's determination must be sustained. One of the most elementary principles of the income tax law is that income is taxable to the one who earns it and taxation of that income cannot be escaped by anticipatory arrangements assigning it to someone else. *330 . This principle has been applied in a long list of so-called family trust cases similar to the present one, including a case filed by petitioners. See, e.g., , affd. per order (7th Cir., June 7, 1978), cert. denied ; [2]/ (Mar. 31, 1980), on appeal (10th Cir., June 2, 1980); (Mar. 31, 1980); . The facts relating to the small amount of income other than George's wages are not developed by the record. We think it clear that, if the trust had any economic substance whatever, the grantor trust provisions of sections 671 through 677 require this other income also to be taxed to petitioners. The more realistic view, however, is that the trust was devoid of economic reality and is to be treated as a nullity *331 for tax purposes. See We think it equally clear that petitioners have not shown that the underpayment of tax was not due to negligence or intentional disregard of the rules and regulations within the meaning of section 6653(a). [3]/ The creation of the trust was plainly a tax avoidance scheme. George testified that tax avoidance was one of his purposes. Petitioners failed to introduce any evidence to show that they proceeded with reasonable care or due regard to the tax laws in taking a step so drastic as assigning their future earnings and other income to another entity. We are compelled to hold that the addition to tax is applicable. *332 To reflect the foregoing, Decisions will be entered under Rule 155. Footnotes
1. /↩ All Section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.
2. /↩ Respondent does not allege or argue that petitioners are collaterally estopped by this prior opinion to deny that they are taxable upon the assigned income.
3. / SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩